IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDGAR EUGENE SMALL, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:04-CV-0464-K |
| | ) | |
| KEITH HOTTLE, Administrator, Texas | ) | |
| Board of Pardons and Paroles, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 brought by an individual on parole.[1]

Parties: Petitioner resides in Dallas, Texas. Respondent is the Administrator of the Texas Board of Pardons and Paroles (Board). The court issued process in this case and directed Respondent to file an answer.

Statement of Case: Petitioner pled guilty to the felony offense of failure to appear in the

---

[1] Petitioner initially filed this action on a civil complaint form against the Texas Board of Pardons and Paroles on March 4, 2004. By order dated July 19, 2004, the Court construed the complaint as seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 and substituted Keith Hottle as Respondent in this case. On August 10, 2004, Petitioner filed the habeas corpus petition presently at issue.

291st Judicial District Court of Dallas County, Texas, in cause number F84-90013-PSU.  On April 19, 1984, he was sentenced to twenty years imprisonment in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID).  His sentence was affirmed on direct appeal.  See Small v. State, 05-84-00434-CR (Tex. App., Dallas, Apr. 24, 1985, pet. ref.), http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=124329 (Official web site of the Texas Court of Criminal Appeals).

Petitioner was subsequently released on parole/mandatory supervision on three separate occasions.  The Board twice revoked his parole, forfeited his street-time credits (or out-of-custody time), and returned him to the custody of TDCJ-CID with a new conviction.  (Respondent's Answer at 2 and Exh. A).  Petitioner was again released on parole on February 24, 1994, with a maximum expiration date of May 9, 2008.  (Id.).

Petitioner has filed neither a time credit dispute resolution with TDCJ-CID, nor a state application for habeas corpus relief, pursuant to Texas Code of Criminal Procedure art. 11.07. (Id. and Pet. at 3).

In this federal habeas action, Petitioner challenges the computation of his sentence and the conditions of his parole.  In three grounds, he alleges his sentence has been extended "by slavery and robbery" because he was forced to work under duress while confined, his street time and/or good time credits have been revoked, and he has had to pay monthly fees while on parole.  He further alleges that he has been subjected to restriction of movement while on parole.  (Pet. ¶ 20).[2]

---

[2]    The "mailbox rule" (which in Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998), was extended to federal petitions filed by prisoners) is inapplicable to this case. Petitioner filed this action on March 4, 2004, ten years *after* his release from confinement.  (See

<u>Findings and Conclusions</u>: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for seeking federal habeas corpus relief under 28 U.S.C. § 2254. <u>See</u> 28 U.S.C. § 2244(d).[3]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. <u>See</u> 28 U.S.C. § 2244(d)(1)(A)-(D).

Subparagraph (A) is inapplicable to this case, where the petition relates solely to matters that occurred after the judgment of conviction became final. Nor does Petitioner base his petition on any new constitutional right under subparagraph (C). Similarly, he does not allege a state-created impediment under subparagraph (B) that prevented him from filing this federal petition. Accordingly, the court will calculate the one-year statute of limitations from the date the facts supporting the claims raised in the petition became known or could have become known. <u>See</u> 28 U.S.C. § 2244(d)(1)(D).

In this case, the very latest date on which Petitioner could or should have learned of the

---

Complaint at "Civil Cover Sheet" and Respondent's answer at 2).

[3] An individual who, like Petitioner, serves his sentence on parole or supervised release satisfies the "in custody" requirement. <u>See</u> <u>Maleng v. Cook</u>, 490 U.S. 488, 491 (1989) (prisoner on parole was still "in custody" under his unexpired sentence).

claims at issue in this case was on February 24, 1994, when he was released on parole for the third time. (See Exh. B attached to Respondent's Answer). On that date, he signed the Certificate of Parole, which appraised him of the maximum expiration date of his sentence, and of the conditions of his parole. (Id. at 1-5). As of that Petitioner should also have been well aware of the forfeitures of street-time and/or good-time credits, which occurred twice before when his parole was revoked on October 5, 1989, and November 16, 1992. See Heiser v. Johnson, No. 00-10408 (5th Cir. June 8, 2001) (unpublished) (Subsection (D) – when a petitioner was or, with due diligence, should have been aware of the predicate facts of his habeas claims – applies in the parole-revocation context when a petitioner complaint about the forfeiture of street-time and/or good-time credits).

Because the above dates preceded the enactment of the AEDPA, Petitioner had a one-year grace period, from April 25, 1996, through April 24, 1997, within which to seek habeas corpus relief. See Flanagan v. Johnson, 154 F.3d 196, 199-200 n. 2 and 202 (5th Cir. 1998) (citing United States v. Flores, 135 F.3d 1000, 1006 (5th Cir. 1998). Petitioner did not file this federal habeas action until March 4, 2004, almost seven years after the running of the one-year grace period. Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, see Sonnier v. Johnson, 161 F.3d 941 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998), Petitioner never filed a state habeas application. Therefore, this federal habeas action is clearly time barred unless the limitation period is tolled on equitable grounds.

The one-year statute of limitations can be equitably tolled in cases presenting "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998); Felder v.

Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" United States v. Patterson, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting Davis, 158 F.3d at 810). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996)); see also Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001). A habeas petitioner bears the burden of proving that he is entitled to equitable tolling. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000), reh'g granted in part, 223 F.3d 797 (5th Cir. 2000).

Petitioner does not rely on the doctrine of equitable tolling. Nevertheless his pleadings, even when liberally construed in light of his pro se status, do not present "rare and exceptional circumstances" warranting equitable tolling, Davis, 158 F.3d at 810-11, and that he diligently pursued his rights, Patterson, 211 F.3d at 930. To the extent Petitioner relies on his *pro se* status, his claim is meritless. "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Moreover, Petitioner's own allegations reflect that he did not pursue "the process with diligence and alacrity." Phillips, 216 F.3d at 511. Although he was well familiar with sentence time calculations and the conditions of parole, having twice before been released on parole, he did not exhaust his state remedies. He also waited to file this federal petition by almost seven years following the expiration of the one-year grace period. These delays – clearly of Petitioner's own making – do not constitute a rare and extraordinary

5

circumstance required for equitable tolling.  "[E]quity is not intended for those who sleep on their rights.  Fisher, 174 F.3d at 715.

In light of the above, the court must conclude that Petitioner does not qualify for equitable tolling.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss the habeas corpus petition as barred by the one-year statute of limitations.  See 28 U.S.C. § 2244(d).

The Clerk will mail a copy of this recommendation to Petitioner and counsel for Respondent.

Signed October 24, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.